IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENNIS J. VANDERPOOL, | : |
| | : |
| Plaintiff | : CIVIL ACTION NO. 4:CV-05-2175 |
| | : |
| v. | : (Judge Jones) |
| | : |
| IRENE HEATLEY, et al., | : |
| | : |
| Defendants | : |

## **O R D E R**

February 23, 2006

## **BACKGROUND**

Plaintiff, Dennis J. Vanderpool ("Plaintiff" or "Vanderpool"), an inmate at the Bradford County Correctional Facility, in Troy, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. He complains of events which occurred at his former place of confinement, the Tioga County Prison, in Wellsboro, Pennsylvania. Named as Defendants in the complaint are Irene Heatley, secretary, Tioga County Prison, and Barb Richards, assistant secretary, in Tioga County. Along with his complaint, Vanderpool filed this Court's Application to Proceed In Forma Pauperis and

Authorization Form. (Rec. Docs. 2 & 3). For the reasons set forth below, the instant complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[1]

When considering a complaint accompanied by a motion to proceed <u>in forma pauperis</u>, a district court may rule that process should not be issued if the complaint is malicious, presents an unquestionably meritless legal theory, or is predicated on clearly baseless factual averments. <u>Neitzke v. Williams</u>, 490 U.S. 319, 327-28 (1989); <u>Wilson v. Rackmill</u>, 878 F.2d 772, 774 (3d Cir. 1989). Unquestionably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit. . . ." <u>Roman v. Jeffes</u>, 904 F.2d 192, 194 (3d Cir. 1990) (internal citations omitted). Clearly baseless factual contentions describe scenarios "clearly removed from reality." <u>Id.</u> "[T]he frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992). When reviewing a complaint

---

1. Section 1915(e)(2) provides that:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

2

for frivolity under § 1915(d), the court is not bound, as it is on a motion to dismiss, "to accept without question the truth of the plaintiff's allegations." Id. at 32.

Plaintiff alleges that on February 22, 2005, he "asked the secretaries if [he] could have them send a letter to State Rep. Matthew Baker and have it certified mail and she wrote back on the request form, saying fill this paper work out and send it home to your family with [your] letter" and then "she put a note: we are not doing this anymore certified or registered." (Rec. Doc. 1, at 2, ¶ 1). Plaintiff claims that "it would take 3 days to get home and 3 days to get back, because his office is in Wellsboro." Id.

Plaintiff filed the instant action in which he claims that "he feel[s] she violated [his] civil rights and [he] was very depress about not being able to send mail out from the prison." (Rec. Doc. 1, at 3, ¶ 2). He states that he and his spouse "are on a fix income due to [him] being on SSI on the outside and [his] spouse is in a wheel chair with a leg missing due to diabetes, high blood pressure, heart problems and [he] would like to get what [he] can before she does this to someone else." (Rec. Doc. 1, at 3, ¶ 3).

## **DISCUSSION**

In order to assert a cognizable claim under § 1983, Vanderpool must allege that some person has deprived him of a federal right, and that the person who has caused the deprivation acted under color of state or territorial law. West v. Atkins, 487 U.S. 42, 48 (1988). To the extent that Plaintiff is attempting to argue that Defendants' actions have

3

deprived him of access to the courts, while it is well-settled that an inmate has a constitutional right of access to the courts, <u>Lewis v. Casey</u>, 518 U.S. 343, 349-56 (1996), <u>Bounds v. Smith</u>, 430 U.S. 817, 821, 828 (1977), the Supreme Court in <u>Lewis</u> has emphasized that a plaintiff alleging denial of access to the courts must show "actual injury," such as dismissal of a suit or inability to file a complaint, as a result of the purported unlawful acts in order to proceed with his suit. <u>Lewis</u>, 518 U.S. at 349-57.

Vanderpool's complaint fails to assert any such actual injury as a result of the Defendants' purported denial of access to the courts. Plaintiff's allegations do not establish the requisite actual injury contemplated by <u>Lewis</u>, to state an actionable access to the court claim.

Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the increasingly scarce judicial resources that § 1915(d) is designed to preserve. <u>See</u> <u>Roman v. Jeffes</u>, 904 F.2d 192, 195 n.3 (3d Cir. 1990).

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Vanderpool's motion to proceed <u>in forma pauperis</u> (Doc. 2), is **GRANTED** solely for the purpose of filing the complaint.

2. The complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

3.       The Clerk of Court is directed to **CLOSE** this case.[2]

4.       Any appeal from this order will be deemed frivolous, not taken in good faith and lacking probable cause.

s/ John E. Jones III  
JOHN E. JONES III  
United States District Judge

---

[2]. The dismissal of this action does not relieve Vanderpool of the obligation to pay the full filing fee. Until the filing fee is paid in full, the Administrative Order issued on October 25, 2005, is binding on the Warden of the Bradford County Prison and the Warden of any correctional facility to which Vanderpool is transferred.